**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

OCTAVIO HERMOSO-GARCIA,
            *Defendant-Appellant.*

No. 04-30196

D.C. No.
CR-03-02127-FVS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Chief Judge, Presiding

Submitted February 8, 2005*
Seattle, Washington

Filed July 7, 2005

Before: Diarmuid F. O'Scannlain, M. Margaret McKeown,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

**COUNSEL**

Nicholas Marchi, Kennewick, Washington, for the defendant-appellant.

James A. McDevitt and Robert A. Ellis, U.S. Department of Justice, Yakima, Washington, for the plaintiff-appellee.

**OPINION**

BEA, Circuit Judge:

Octavio Hermoso-Garcia ("Hermoso-Garcia"), a native and citizen of Mexico, was convicted of being an alien who reentered the United States after deportation without first obtaining permission for reentry in violation of 8 U.S.C. § 1326 and sentenced to sixty-three months' imprisonment. Hermoso-Garcia now appeals the district court's: (1) denial of his motion to dismiss the indictment; (2) imposition of a 16-level increase under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 2L1.2(b)(1)(A)(ii); and (3) imposition of a 63-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the convic-

tion, but remand the sentence to the district court in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Ameline*, No. 02-30326, 2005 WL 1291977, at *11 (9th Cir. June 1, 2005) (en banc).

## I.

Hermoso-Garcia first entered the United States without inspection in the early 1990s. In 1995, Hermoso-Garcia married a U.S. citizen and on May 12, 1995, his wife filed Form I-130 ("Immigrant Petition For Relative, Fiancee or Orphan") seeking a visa for him on the basis of his having a U.S. citizen spouse. On September 8, 1995, Hermoso-Garcia received an "Approval Notice" stating that his I-130 Form application had been approved.

However, before receiving his "Approval Notice" as to the I-130, Hermoso-Garcia was convicted on August 29, 1995 of being an accomplice to second-degree assault in Yakima County, Washington in violation of Wash. Rev. Code § 9A.36.021(1)(a) and Wash. Rev. Code § 9A.08.020. He was then sentenced to 14 months' imprisonment.

On August 14, 1997, based on his 1995 marriage to a U.S. citizen, Hermoso-Garcia filed Form I-485, seeking an adjustment of status from one who had entered the United States without inspection to the status of an alien lawfully admitted for permanent residence pursuant to Section 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i).[1] After a hearing on his adjustment of status application before an Immigration Judge, his application for adjustment of status was denied on October 1, 1998 and he was ordered deported.[2]

---

[1]Under Section 245 of the INA, "[a]n alien physically present in the United States who entered the United States without inspection" and who is the beneficiary of an I-130 Form "*may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence*." 8 U.S.C. § 1255(i) (emphasis added).

[2]Under 8 U.S.C. § 1182(a)(2), an individual may be statutorily precluded from seeking any adjustment of status on account of his having

Hermoso-Garcia did not seek review of the Immigration Judge's decision. On October 15, 1998, Hermoso-Garcia was deported from El Paso, Texas to Mexico.

Sometime between October 15, 1998 and January 10, 2003, Hermoso-Garcia again reentered the United States without permission. On January 10, 2003, Hermoso-Garcia was deported for a second time (this time from Otay Mesa, California to Mexico).

In February 2003, Hermoso-Garcia again reentered the United States without permission and on July 9, 2003, authorities arrested him in Yakima County, Washington. On July 10, 2003, the Government filed a complaint stating that Hermoso-Garcia was an alien found in the United States after deportation without permission in violation of 8 U.S.C. § 1326. On July 15, 2003, the grand jury returned an indictment and the Government charged Hermoso-Garcia with a violation of 8 U.S.C. § 1326.[3]

---

committed a crime. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) ("an alien convicted of . . . a crime involving moral turpitude (other than a purely political offense) . . . is inadmissible."). Such individual may nevertheless apply for a waiver of the statutory preclusion pursuant to Section 212(h)(1)(B) of the INA, 8 U.S.C. § 1182(h)(1)(B) ("The Attorney General may, in his discretion, waive the application of [(a)(2)(A)(i)(I)] in the case of an immigrant who is the spouse, parent, son or daughter of a citizen of the United States . . . if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien."). Here, the Immigration Judge determined that the statutory preclusion applied and treated Hermoso-Garcia's application for an adjustment of status pursuant to Section 245 as a Section 212(h) waiver and denied such application. Since Hermoso-Garcia did not appeal the immigration judge's decision, we do not decide the question whether second-degree assault under Washington State law is a crime of "moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[3]8 U.S.C. § 1326 provides for criminal penalties on the part of:

The district court denied his motion to dismiss the indictment and Hermoso-Garcia was tried before a jury and convicted.

On March 11, 2004, Hermoso-Garcia was sentenced to 63 months' imprisonment and three years' supervised release. In accordance with the Presentence Investigation Report ("PSR"), the district court determined that there was a base offense level of 8 under the Sentencing Guidelines and applied a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior conviction that was a "crime of violence." The district court then reduced that offense level by 2 levels for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1(a). Hermoso-Garcia's final offense level was 22.

## II.

**[1]** This court reviews *de novo* the denial of a motion to dismiss an indictment based on an interpretation of a federal statute. *See United States v. Gorman*, 314 F.3d 1105, 1110 (9th Cir. 2002). We hold that Hermoso-Garcia's approved I-130 Form does not constitute "consent" to reenter the United

---

(a)   any alien who —

(1)   has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2)   enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act . . . .

8 U.S.C. § 1326.

States under 8 U.S.C. § 1326(a)(2). Rather, before an individual is allowed to enter this country legally, once his I-130 Form has been approved, he is still obligated to obtain an adjustment of status pursuant to 8 U.S.C. § 1255. *See* 8 U.S.C. § 1255(i); *see also Agyeman v. INS*, 296 F.3d 871, 879 (9th Cir. 2002). Here, after a hearing before an Immigration Judge, the Immigration Judge denied Hermoso-Garcia's application for an adjustment of status. As noted above, Hermoso-Garcia did not appeal such denial. Accordingly, he did not have consent to enter or be in the United States.

## III.

With respect to the correctness of the sentence imposed on Hermoso-Garcia, this court reviews a district court's determination that a prior conviction constituted a "crime of violence" under the Sentencing Guidelines *de novo*. *See United States v. Sanchez-Sanchez*, 333 F.3d 1065, 1067 (9th Cir. 2003). U.S.S.G. § 2L1.2(b)(1)(A)(ii) defines "crime of violence" as including . . . any offense under . . . state . . . law that has an element the use . . . of physical force against the person of another." Under the "categorical approach" delineated by the U.S. Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), courts look "only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602.

**[2]** Here, Hermoso-Garcia was convicted of being an accomplice to second-degree assault in violation of WASH. REV. CODE § 9A.36.021(1)(a)[4] and WASH. REV. CODE § 9A.08.020.[5] Subsection 1(a) of Washington's second-degree

---

[4]The Washington State second-degree assault statute, WASH. REV. CODE § 9A.36.021(1)(a), provides, in pertinent part, that "(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: (a) intentionally assaults another and thereby recklessly inflicts substantial bodily harm."

[5]The Washington State accomplice liability statute, WASH. REV. CODE § 9A.08.020(2)(c), provides, in pertinent part that "A person is guilty of a crime if it is committed by the conduct of another person . . . when he is an accomplice of such other person in the commission of the crime."

assault statute requires a defendant to have "recklessly inflict-[ed] substantial bodily harm" upon another person. WASH. REV. CODE § 9A.36.021(1)(a). This language is indistinguishable from the statutes in *United States v. Grajeda-Ramirez*, 348 F.3d 1123, 1125 (9th Cir. 2003) (holding that reckless vehicular assault under Colorado law is a categorical crime of violence under the Sentencing Guidelines because the perpetrator "must be the proximate cause of serious bodily injury to another and must act with at least a reckless mental state" (internal quotation marks omitted)), and *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1173 (9th Cir. 2000) (holding that attempted aggravated assault under Arizona law—which can be committed by "recklessly causing any physical injury to another person"—is a categorical crime of violence under 18 U.S.C. § 16(a)), because all three implicate the reckless infliction of bodily harm. Therefore, we hold that Washington's second-degree assault statute, WASH. REV. CODE § 9A.36.021(1)(a), is a categorical crime of violence.

**[3]** Although we agree that the sixteen-level enhancement was proper under the then-mandatory sentencing guidelines, we cannot automatically affirm Hermoso-Garcia's sentence because the federal sentencing Guidelines are no longer mandatory. *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 764-67 (2005). Pursuant to *United States v. Ameline*, 2005 WL 1291977, at *11, we remand Hermoso-Garcia's sentence to the district court for the district court to determine whether it would have sentenced Hermoso-Garcia differently under an advisory Guidelines system. If so, the district court shall vacate Hermoso-Garcia's sentence and re-sentence him under the post-*Booker* advisory Guidelines. If not, Hermoso-Garcia's sentence shall remain undisturbed.

**CONVICTION  AFFIRMED  and  SENTENCE REMANDED.**