**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christopher Dee MILLER, aka Christipher Miller, Defendant—Appellant.**

**No. 03–50422.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Ronald L. Cheng, Esq., David K. Willingham, Esq., David A. Kettel, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Gail Ivens, Esq., Glendale, CA, for Defendant–Appellant.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Christopher Dee Miller appeals the sentence imposed following his guilty-plea conviction for fraudulent transactions with access device, in violation of 18 U.S.C. § 1029(a)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the restitution order and remand the sentence.

Miller contends that the district court erred by including a $73,491.17 amount of loss in his restitution order. Because Miller did not object to the restitution order in the district court, we review for plain error, *see United States v. Zink*, 107 F.3d 716, 718 (9th Cir.1997), and conclude that the district court properly relied on evidence submitted by the government to determine the amount of restitution required. *See* 18 U.S.C. § 3664(e) ("Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence."); *see also United States v. Rutgard*, 116 F.3d 1270, 1294 (9th Cir.1997) (stating that restitution may be ordered for losses to persons harmed by defendant's scheme even beyond the counts of conviction); *see, e.g. United States v. Bussell*, 414 F.3d 1048, 1060 (9th Cir.2005) (stating that orders of restitution are unaffected by *United States v. Booker*, ——— U.S. ———, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). Accordingly, we affirm the district court's restitution order.

Next, Miller contends that the district court erred in basing his sentence, in part, on an incorrect calculation of loss amount to his victims. We need not address this issue. Miller's sentence was imposed at a time when the Sentencing Guidelines were mandatory. Because the guidelines are now purely advisory, *see United States v. Booker*, ——— U.S. ———, 125 S.Ct. 738, 764–67, 160 L.Ed.2d 621 (2005), we remand so the district court can determine if Miller should receive a different sentence under the advisory Guidelines system. *See United States v. Hermoso–Garcia*, 413 F.3d 1085, 1089–90 (9th Cir.2005).

**RESTITUTION ORDER AFFIRMED and SENTENCE REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.