**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Angel TORRES–BOBADILLA,**
**Defendant—Appellant.**

No. 03–50120.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Christopher M. Alexander, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Casey Donovan, Esq., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Jose Angel Torres–Bobadilla appeals his jury-trial conviction and 86–month sentence for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for plain error, *see United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001), we affirm the conviction and remand the sentence.

Torres–Bobadilla first contends that the indictment was invalid because it

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

did not allege that he voluntarily re-entered the United States. This contention is unpersuasive. *See United States v. Parga–Rosas,* 238 F.3d 1209, 1213 (9th Cir. 2001) ("we have never suggested that the crime of 'entry' must be charged in order to charge the crime of being 'found in' ").

 Further, we do not agree with Torres–Bobadilla's contention that the district court plainly erred by failing to instruct the jury that "voluntary entry" was an element of the offense. *See id.* at 1211 (stating that when an alien is apprehended at a location other than the border, it can be assumed his entry was voluntary, for the purpose of a "found in" offense, unless the alien presents evidence to the contrary.)

Next, Torres–Bobadilla contends that the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), does not apply when the defendant asserts his right to a jury trial. However, Torres–Bobadilla concedes and we agree that this court has decided this issue against him. *See United States v. Arrellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (stating that it is proper for the district court to enhance a defendant's offense level on the basis of prior aggravated felonies even if they were not admitted, and even if the government neither alleged them in the indictment nor proved them at trial beyond a reasonable doubt).

Finally, there is no merit to Torres–Bobadilla's contention that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi. See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (stating that prior convictions need not be submitted to a jury and proved beyond a reasonable doubt before using them to enhance a defendant's sentence); *see also United States v.*

*Ochoa–Gaytan,* 265 F.3d 837, 845–46 (9th Cir.2001) (holding that *Apprendi* carved out an exception for prior convictions that specifically preserved the holding of *Almendarez–Torres* ). Accordingly, we affirm the conviction.

Although Torres–Bobadilla's attack on his conviction is unavailing, his sentence was imposed at a time when the Sentencing Guidelines were mandatory. Because the guidelines are now purely advisory, *see United States v. Booker,* —— U.S. ——, —— – ——, 125 S.Ct. 738, 764–67, 160 L.Ed.2d 621 (2005), we remand so the district court can determine if Torres–Bobadilla should receive a different sentence under the advisory Guidelines system. *See United States v. Hermoso–Garcia,* 413 F.3d 1085, 1090 (9th Cir.2005).

**CONVICTION AFFIRMED and SENTENCE REMANDED.**