**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Guadalupe RAMIREZ–FRANCO,**
**Defendant—Appellant.**

**No. 04–50036.**
**D.C. No. CR–03–00466–R.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Sept. 21, 2005.

Robert McGahan, Asst. U.S. Atty., USLA—Office of the U.S. Attorney Crimi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

nal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy Federal Public Defender, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

### ORDER and MEMORANDUM**

The petition for panel rehearing is granted. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35. The petition for rehearing en banc is denied.

The Memorandum Disposition filed on January 26, 2005, is WITHDRAWN and replaced with the following Memorandum Disposition:

Jose Guadalupe Ramirez–Franco appeals his 77–month sentence imposed following his guilty plea for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

Ramirez–Franco contends that the district court erred in imposing certain special conditions on his supervised release because the need for such conditions is not supported by the record. Because Ramirez–Franco did not object below, we review for plain error. *See United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001). We reject Ramirez–Franco's challenge to the condition that he abstain from abusing prescription medications during his period of supervised release, and affirm this condition. However, as to his remaining challenges to his conditions, we conclude that the district court plainly erred because they are not reasonably related to the instant offense, Ramirez–Franco's criminal history, protecting the public, or preventing recidivism. *See* 18 U.S.C. § 3583(d); *United States v. T.M.,* 330 F.3d 1235, 1240 (9th Cir.2003).

We vacate and remand to the district court with directions to delete the following conditions of supervised release: Condition Two, insofar as it instructs that defendant "shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing" and that defendant "shall abstain from using alcohol"; and Condition Five, in its entirety. *See* January 14, 2004, district court order.

Further, because the Guidelines are now purely advisory, we remand so the district court can determine if Ramirez–Franco should receive a different sentence under the advisory Guidelines system. *See United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc); *see also United States v. Hermoso–Garcia,* 413 F.3d 1085, 1089–90 (9th Cir.2005).

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.