**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

  v.

JEREMY ALEXANDER CARSON,
    *Defendant-Appellant.*

No. 06-30387

D.C. No.
CR-06-05059-RBL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 9, 2007*
Seattle, Washington

Filed May 15, 2007

Before: Alex Kozinski, Raymond C. Fisher and
Richard C. Tallman, Circuit Judges.

Per Curiam Opinion

---

 *This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Ronald D. Ness, Port Orchard, Washington, for the defendant-appellant.

John McKay, United States Attorney for the Western District of Washington, Tacoma, Washington; Kent Liu, Special Assistant United States Attorney, Tacoma, Washington, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

We address whether a conviction under Washington's second-degree assault statute is a "crime of violence" for the purposes of the Sentencing Guidelines career offender enhancement provision, U.S.S.G. § 4B1.1.

**Facts**

Defendant was convicted of being a felon in possession of a firearm, possession of a firearm in furtherance of drug trafficking and possession of methamphetamine with intent to distribute. At sentencing, the district court found that defen-

dant was a career offender subject to a sentencing enhancement under U.S.S.G. § 4B1.1(a). Specifically, the judge found that defendant's prior convictions in Washington State for second-, Wash. Rev. Code § 9A.36.021(1)(f), and third-degree assault, Wash. Rev. Code § 9A.36.031(1)(f), are "crimes of violence" for purposes of section 4B1.1(a). On appeal, defendant challenges the determination that second-degree assault, as defined by subsection (1)(f) of Washington's second-degree assault provision, is a crime of violence.[1]

## Analysis

[1] A defendant who, like Carson, has been convicted of a controlled substance offense committed when he was at least eighteen years old, is eligible for a sentencing enhancement under section 4B1.1(a) if he has at least two prior convictions for "crime[s] of violence." A "crime of violence" for the purposes of section 4B1.1(a) is defined by U.S.S.G. § 4B1.2(a) as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of

---

[1]Defendant does not challenge the district court's determination that his conviction under Washington's third-degree assault statute is a crime of violence. But, in addition to his sentencing claim, defendant challenges the district court's decision not to exclude testimony from an expert witness the government disclosed in an untimely manner. On this record, we cannot conclude that the district court abused its discretion by letting the testimony in or by refusing to delay the trial. *See* Fed. R. Crim. P. 16(d)(2) (a district judge can remedy discovery violations by ordering compliance, excluding the evidence, granting a continuance or ordering whatever relief is "just under the circumstances"); *United States* v. *Danielson*, 325 F.3d 1054, 1074 (9th Cir. 2003) (we review a district court's ruling under Rule 16 for abuse of discretion). The expert witness's testimony, that drug dealers often possess weapons and drug paraphernalia, could not have been very surprising to defendant, nor was it readily susceptible to refutation in the event that a continuance had been granted.

> another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* (emphasis added).

**[2]** Defendant was convicted under subsection (1)(f) of Washington's second-degree assault statute, which punishes the "[k]nowing[ ] inflict[ion of] bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture." Wash. Rev. Code § 9A.36.021(1)(f).**[2]** The offense meets the prefatory requirement of section 4B1.2(a), because, under Washington law, second-degree assault is a "class B" felony punishable by a maximum term of ten years imprisonment. *See* Wash. Rev. Code §§ 9A.36.021(2)(a), 9A.20.021(1)(b). The parties here dispute whether the offense also meets the requirements of either subsections 4B1.2(a)(1) or (2).

Under the categorical analysis of *Taylor* v. *United States*, 495 U.S. 575, 598 (1990), we look to the statutory definition of the prior offense to determine whether the "elements of the offense are of the type that would justify its inclusion" within the federal provision. *James* v. *United States*, 127 S. Ct. 1586, 1594 (2007). In so doing, we must not conjure up some scenario, however improbable, whereby a defendant might be convicted under the statute in question even though he did not commit an act encompassed by the federal provision. Rather, we must find "a realistic probability, not a theoretical possibility," that this might happen. *Gonzales* v. *Duenas-Alvarez*,

---

**[2]**We have previously held that a conviction under subsection (1)(a) of Washington's second-degree assault statute, which makes it illegal to "[i]ntentionally assault[ ] another and thereby recklessly inflict[ ] substantial bodily harm," constitutes a crime of violence. *See United States* v. *Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir. 2005). We have not yet determined whether the same is true for a conviction under subsection (1)(f).

127 S. Ct. 815, 822 (2007). In other words, "the proper inquiry is whether the conduct encompassed by the elements of the offense, *in the ordinary case*," would satisfy the requirements of section 4B1.1(a). *James*, 127 S. Ct. at 1597 (emphasis added). If we find that it would, the burden shifts to the defendant to "at least point to his own case or other cases" where the state courts applied the statute in a way that would make it overbroad under *Taylor*. *Duenas-Alvarez*, 127 S. Ct. at 822.

**[3]** Under the categorical approach, as refined by *James* and *Duenas-Alvarez*, we have little difficulty concluding that a conviction under subsection (1)(f) of Washington's second-degree assault statute "presents a serious potential risk of physical injury to another" and is therefore a "crime of violence" for the purposes of the career offender enhancement provision. Even were it possible to "[k]nowingly inflict[ ] bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture" without creating a serious risk of physical injury, this would not be the ordinary case. Common experience teaches that the level of pain suffered by the victim increases with the degree of trauma inflicted. For example, a blow severe enough to break a bone or cause a concussion will certainly be more painful than a slap in the face. Knowing infliction of bodily harm serious enough to cause the degree of pain or agony described in subsection (1)(f) will, in the ordinary case, carry a significant risk of physical injury to the victim.

Defendant has made no showing that the state courts have applied Wash. Rev. Code § 9A.36.021(1)(f) to him, or anybody else, in circumstances where bodily injury was unlikely to occur. Given that defendant's prior conviction for second-degree assault is for a categorical crime of violence, the district court did not err in determining that defendant was eligible for a career offender enhancement.[3]

---

[3]Because we hold that a conviction under Wash. Rev. Code § 9A.36.021(1)(f) meets the requirements of subsection 4B1.2(a)(2), we do not determine whether the crime would also meet the requirements of subsection 4B1.2(a)(1).

**AFFIRMED.**