**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Philip DOMENICO, Defendant–
Appellant.**

**No. 07–30272.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2008.*

Filed March 11, 2008.

Paulette L. Stewart, Esq., USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Martin W. Judnich, Esq., Stevenson Judnich & Assoc., Missoula, MT, for Defendant–Appellant.

Before: BERZON and BEA, Circuit

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2)

Judges, and GUTIERREZ **, District Judge.

## MEMORANDUM ***

Philip Domenico appeals his 57 month sentence, imposed following a guilty plea for two counts of being a felon in possession of ammunition or firearms, in violation of 18 U.S.C. § 922(g)(1). Domenico does not appeal his conviction, nor does he raise an issue under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court imposed a sentence enhancement for a prior "crime of violence" pursuant to U.S.S.G. § 4B1.2(a)(2). Domenico claims his prior conviction in August of 2004, under Montana's Partner or Family Member Assault statute, Mont. Code Ann. § 45-5-206 (2004), for an altercation involving his spouse, is not a "crime of violence" under U.S.S.G. § 4B1.2(a). We review the district court's determination that Domenico's prior conviction constitutes a crime of violence *de novo*. *Taylor v. United States*, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir.2005).

In reviewing whether an offense constitutes a crime of violence, we first use a categorical approach. *See Taylor*, 495 U.S. at 600-02, 110 S.Ct. 2143. Under this approach, Domenico's 2004 conviction for Partner or Family Member Assault qualifies as a crime of violence only if the full range of conduct covered by Montana Code § 45-5-206 (2004) falls within the meaning of U.S.S.G. § 4B1.2(a). *Id.*

Under U.S.S.G. § 4B1.2(a):

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) . . . involves conduct that presents a serious potential risk of physical injury to another.

Domenico's 2004 Montana conviction was for Felony Partner or Family Member Assault. The governing statute provides:

(1) A person commits the offense of partner or family member assault if the person:

(a) purposely or knowingly causes bodily injury to a partner or family member;

(b) negligently causes bodily injury to a partner or family member with a weapon; or

(c) purposely or knowingly causes reasonable apprehension of bodily injury in a partner or family member.

Mont.Code Ann. § 45-5-206 (2004).

There is no case directly on point. We need not decide, however, whether a conviction under the Montana statute is categorically a crime of violence under U.S.S.G. § 4B1.2(a). In cases where, as here, the full range of conduct covered by the statute of conviction includes conduct that may not fall within the meaning of a crime of violence, we employ the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 19-21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

Under this approach, we may consider "the statutory definition, charging docu-

---

** The Honorable Philip Gutierrez, United States District Court for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16, 125 S.Ct. 1254. Here, the judicially noticeable documents in the record are the information and the transcript of plea colloquy. During the plea colloquy, the following exchange took place:

> The Court: All right. The Information states that on or about June 1st, 2002, that you purposely or knowingly caused bodily injury to Nita Davis, partner or family member, by pushing her against the wall and grabbing her by the neck. How do you plead—guilty or not guilty?
>
> Domenico: Guilty.

On appeal, Domenico argues that because he later denied grabbing his wife by the neck, and said he only grabbed her by her shirt, his conviction cannot be a crime of violence. Importantly, however, Domenico never recanted his plea of guilty to "purposely and knowingly caus[ing] bodily injury" to his wife. It is irrelevant whether he caused such bodily injury by grabbing her neck or her shirt.

Conduct that actually causes another bodily injury necessarily involves "conduct that presents a serious potential risk of physical injury to another" and is thus a crime of violence under U.S.S.G. § 4B1.2(a)(2). *Cf. United States v. Havier,* 155 F.3d 1090, 1091–93 (9th Cir.1998).

**AFFIRMED.**