MEMORANDUM *
Defendant Sheldon Cain appeals both the district court’s order denying his mo *170 tion to suppress evidence and the district court’s categorization at sentencing of Cain’s previous conviction for second-degree assault as a crime of violence under the United States Sentencing Guidelines. Because the evidence at issue was seized pursuant to a lawful protective search, and because the prior conviction at issue is categorically a crime of violence, we affirm.
We review de novo both the district court’s denial of a motion to suppress incriminating evidence, United States v. By-num, 362 F.3d 574, 578 (9th Cir.2004), and its interpretation of the Sentencing Guidelines. United States v. Alexander, 287 F.3d 811, 818 (9th Cir.2002).
Although the parties spend considerable time debating whether Todd was actually driving and therefore lawfully arrested for driving on a suspended license, the point is irrelevant. In the wake of Arizona v. Gant, — U.S. —, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the search of the vehicle in this case cannot be justified as a search incident to arrest, whether or not Todd was lawfully arrested. After the district court ruled in this case, but prior to our review, the Supreme Court held in Gant, that a search of a vehicle incident to arrest is not appropriate where, as here, the arrestee is secured in a patrol car and it is unreasonable to expect to find evidence of the offense of arrest in the arrestee’s vehicle. 129 S.Ct. at 1719.
Gant preserved, however, the police’s authority “to search a vehicle’s passenger compartment when he has reasonable suspicion that an individual, whether or not the arrestee, is ‘dangerous’ and might access the vehicle.’” Id. at 1721 (quoting Michigan v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)). The constitutional reasonableness of traffic stops and subsequent searches depends on the objective conditions obtaining during the search, not the subjective intentions of the officer performing the search. United States v. Ibarra, 345 F.3d 711, 714 (9th Cir.2003); Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
Here, while Deputy Stockman’s subjective intent was to perform a search incident to arrest, which Gant subsequently forbade, conditions obtaining during the search — including the fact that both Cain and Todd were known convicted felons, the fact that Todd’s arrest was a tense affair that occurred in the early morning and in a remote location, and the likelihood that Cain would return to his vehicle after Deputy Stockman’s business was concluded— objectively justified the performance of a protective search by an officer in Deputy Stockman’s situation. Deputy Stockman’s conduct thus did not run afoul of the Fourth Amendment. We therefore affirm the district court’s denial of Cain’s suppression motion.
Finally, the district court properly categorized Cain’s prior conviction for second-degree assault in violation of Wash. Rev.Code § 9A.36.021(1)(a) as a crime of violence as set forth in the Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (2008). In an ordinary case, see James v. United States, 550 U.S. 192, 207-08, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), only an assault accompanied by force will lead to the “reckless[ ] infliction of] substantial bodily harm” required to justify a conviction under subsection (1)(a) of Washington’s second-degree assault statute. Wash. Rev.Code § 9A.36.021(1)(a). Further, only intentional assaults fall under the ambit of subsection (1)(a). Id. A conviction under Wash. Rev.Code § 9A.36.021(1)(a) is thus categorically a crime of violence. Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1132 (9th Cir.2006) (en banc). See also United States v. Carson, 486 F.3d 618, 619 n. 2 *171 (9th Cir.2007) (“We have previously held that a conviction under subsection (1)(a) of Washington’s second-degree assault statute, which makes it illegal to “[ijntentionally assault[ ] another and thereby recklessly inflict[] substantial bodily harm,” constitutes a crime of violence.”) (quoting United States v. Hermoso-Garcia, 413 F.3d 1085, 1089 (9th Cir.2005)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.