**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR FARIAS-ALVAREZ,

Defendant - Appellant.

No. 12-30294

D.C. No. 2:12-cr-06026-WFN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Hector Farias-Alvarez appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

being an alien in the United States after deportation, in violation of 8 U.S.C.

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Farias-Alvarez contends that the district court erred when it applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior assault conviction under section 9A.36.021(1)(c) of the Revised Code of Washington. The district court did not err when it applied the enhancement. *See United States v. Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir. 2005) (holding that a conviction under section 9A.36.021(1) is categorically a "crime of violence" under section 2L1.2(b)(1)(A)(ii)); *see also United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (court's "inquiry is complete" if offense is categorically a crime of violence).

Farias-Alvarez contends that the district court procedurally erred by failing to sentence him individually and failing to address his non-frivolous requests for sentencing relief. We review for harmless error. *See United States v. Munoz-Camarena,* 631 F.3d 1028, 1030 & n.5 (9th Cir. 2011) (per curiam). The district court did not err because, before imposing the sentence, it considered Farias-Alvarez's history and characteristics and his arguments for a lower sentence based on cultural assimilation and the need to avoid sentencing disparities.

Farias-Alvarez also contends that his sentence is substantively unreasonable in light of the nature and circumstances of the offense, his history and characteristics, and the need to avoid unwarranted disparity with similarly situated

illegal aliens.  The district court did not abuse its discretion in imposing Farias-Alvarez's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence at the low end of the Guidelines range is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See id.*

**AFFIRMED.**