**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY LAMELL EZELL, | No. 17-35685 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-00255-RSM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted July 11, 2018
Seattle, Washington

Before: FERNANDEZ, CLIFTON, and NGUYEN, Circuit Judges.

Terry Ezell appeals the district court's denial of his second petition for

habeas relief pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28

U.S.C. § 2253(a), and we affirm.

1. Ezell failed to contest the constitutionality of his enhanced sentence at

sentencing and on direct appeal but his procedural default is excused by "cause"

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and "prejudice." *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). Ezell had cause not to challenge because at that time, Supreme Court precedent[1] foreclosed the argument that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. *Reed v. Ross*, 468 U.S. 1, 17 (1984). Ezell was prejudiced because any error under *Johnson v. United States*, 135 S. Ct. 2551 (2015), subjected him to a heightened mandatory minimum sentence. *See* 18 U.S.C. § 924(e)(1).

2. The "threshold question" here is whether Ezell's second § 2255 petition relies on the rule announced in *Johnson*. *United States v. Geozos*, 870 F.3d 890, 894 (9th Cir. 2017); *see also* 28 U.S.C. § 2255(h)(2). In *United States v. Geozos*, we set forth the applicable framework for answering that question. 870 F.3d at 895–96. If the sentencing record makes clear that the district court did not rely on the residual clause to find that a prior offense qualified as a predicate offense under the Armed Career Criminal Act, the petition does not rely on *Johnson* as to that offense. *Id.* at 895. If the record is unclear whether the district court relied on the residual or another clause, we look to whether there is any controlling law that would allow us to infer that the district court relied on something other than the residual clause. *Id.* at 896. If we cannot draw such an inference because the

---

[1] *See James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015).

relevant legal background is mixed, the claim relies on *Johnson* for § 2255(h)(2) purposes. *Id.*

Here, the record is clear that the district court relied on the enumerated offense clause of 18 U.S.C. § 924(e)(2)(B)(ii) to find that Ezell's two convictions for second-degree burglary qualified as predicate offenses for purposes of the Armed Career Criminal Act. The district court specifically referenced the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575 (1990), and our decision in *United States v. Kilgore*, 7 F.3d 854 (9th Cir. 1993) (per curium), both of which are enumerated offense cases.

The record is unclear which clause the district court relied on for the two second-degree assault convictions, but the relevant legal background indicates that Ezell's conviction for intentional assault resulting in substantial bodily harm under Washington Revised Code § 9A.36.021(1)(a) qualified as a predicate offense under the elements clause. *See United States v. Hermoso-Garcia*, 413 F.3d 1085, 1088–89 (9th Cir. 2005) (holding that such an assault was a crime of violence under then-sentencing guideline § 2L1.2(b)(1)(A)(ii)'s nearly identically worded residual clause).

Because the district court did not rely on the residual clause for three predicate offenses, Ezell's claim does not rely on the rule announced in *Johnson*. *Id.* at 896 ("[A] claim does not 'rely on' *Johnson*[] if it is possible to conclude,

3

using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's ACCA determination did not rest on the residual clause.").

**AFFIRMED.**