**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge GRAJEDA–RAMIREZ,**
**Defendant–Appellant.**

No. 02–10530.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Filed Nov. 12, 2003.

Saul M. Huerta, Assistant Federal Public Defender, Tucson, AZ, for the defendant-appellant.

Eric J. Markovich, Assistant United States Attorney, Tucson, AZ, for the plaintiff-appellee.

Before: BEEZER and FISHER, Circuit Judges, and ENGLAND, District Judge.*

FISHER, Circuit Judge:

We hold that a violation of Colorado's reckless vehicular assault statute, Colo. Rev.Stat. § 18–3–205(1)(a), is a predicate "crime of violence" for the purposes of the sentencing guidelines.

Jorge Grajeda–Ramirez appeals his criminal sentence. Grajeda–Ramirez, a 27–year–old citizen of Mexico, was convicted of illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Sentencing for a violation of 8 U.S.C. § 1326 is controlled by United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2, which provides a 16–level increase to the base offense level if the defendant was previously deported after conviction for a felony "crime of violence." The district court concluded that the offense for which Grajeda–Ramirez had previously been deported, reckless vehicular assault under Colo.Rev.Stat. § 18–3–205(1)(a) (2001), is a "crime of violence." [1] The district court imposed the 16–level increase to the base offense level, and sentenced Grajeda–Ramirez to 70 months' imprisonment.

Grajeda–Ramirez argues that reckless vehicular assault is not a predicate crime of violence under U.S.S.G. § 2L1.2 (2002). He also argues that the district court misapplied § 2L1.2 by applying a 16 level enhancement on the basis of a "crime of violence" that was not an "aggravated felony." We review the district court's interpretation of the U.S. Sentencing Guidelines de novo. *United States v. Castillo Rivera*, 244 F.3d 1020, 1021 (9th Cir.2001). Because Grajeda–Ramirez failed to argue to the district court that his prior conviction for vehicular assault was not categorically a crime of violence, we review that argument for plain error. *See United States v. Sandoval–Venegas*, 292 F.3d 1101, 1109 (9th Cir.2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

I.

 Colorado's reckless vehicular assault statute provides that "[i]f a person operates or drives a motor vehicle in a reckless manner, and this conduct is the

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

1. We accept that Grajeda–Ramirez's conviction arose under Colo.Rev.Stat. § 18–3–205(1)(a). In his briefing, Grajeda–Ramirez claimed that the government did not meet its burden of demonstrating the statute under which his conviction arose. Colorado's vehicular assault statute contains two separate means of committing the crime of vehicular assault. One of these means, set forth in subsection (b), is a strict liability crime. Colo.Rev.Stat. § 18–3–205(1)(b)(I). At oral argument, however, Grajeda–Ramirez conceded that the government provided the district court with sufficiently clear information to determine that he was convicted under subsection (a) of the Colorado statute, which prohibits reckless vehicular assault. We do not decide here whether Colo.Rev.Stat. § 18–3–205(1)(b) is a "crime of violence" for the purposes of the sentencing guidelines.

proximate cause of serious bodily injury to another, such person commits vehicular assault." Colo.Rev.Stat. § 18–3–205(1)(a). The United States Sentencing Guidelines define a "crime of violence" as an "offense under federal, state, or local law that has as an element the use, attempted use or threatened use of force against the person of another." U.S.S.G. § 2L1.2, app. n. 1(B)(ii)(I). We apply the analytical model of *Taylor v. United States*, 495 U.S. 575, 588–89, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to determine whether a statute contains an element of use, attempted use or threatened use of force. Under this analysis, we look first to the statutory definition of the crime charged. *United States v. Sandoval–Venegas*, 292 F.3d 1101, 1106 (9th Cir.2002). If the statute of conviction prohibits *only* conduct that includes the requisite use, threatened use or attempted use of force, we need not look beyond the fact of conviction to conclude that the prior offense was a crime of violence. *United States v. Hernandez–Castellanos*, 287 F.3d 876, 879 (9th Cir.2002).

■■■ We conclude that Colo.Rev.Stat. § 18–3–205(1)(a) creates a categorical "crime of violence" because it reaches only conduct involving the requisite use of force. To commit reckless vehicular assault under Colorado law, a person must be the "proximate cause of serious bodily injury to another" and must act with at least a "reckless" mental state. This is indistinguishable from statutory language that we have previously held to create a categorical "crime of violence" under the sentencing guidelines. *See United States v. Ceron–Sanchez*, 222 F.3d 1169, 1172–73 (9th Cir.2000). In *Ceron–Sanchez*, we concluded that an Arizona statute qualified as a crime of violence because it prohibited "reckless conduct" that "caused actual physical injury to another person." *Id.* Likewise, subsection (a) of Colorado's vehicular assault statute requires a mental state of recklessness, and it requires that a

defendant cause actual physical injury— "serious bodily injury"—to another person. We hold, therefore, that any violation of Colo.Rev.Stat. § 18–3–205(1)(a) constitutes a crime of violence for the purposes of the sentencing guidelines.

Grajeda–Ramirez attempts to distinguish *Ceron–Sanchez* by arguing that the Arizona statute that created a crime of violence in that case required that the defendant "cause" the injury, whereas under the Colorado statute a defendant must be the "proximate cause" of injury. This distinction does not help Grajeda–Ramirez. Proximate cause is a subcategory of simple causation, one that requires a *heightened* degree of connection between wrongful act and injury. The Colorado Supreme Court has explained this principle specifically with regard to the statute under which Grajeda–Ramirez was convicted, noting that "proximate cause" requires a defendant to act affirmatively to cause an injury, whereas a defendant may "cause" an injury through an omission. *People v. Stewart*, 55 P.3d 107, 116 (Colo.2002) (distinguishing the "proximate cause" requirement of § 18–3–205(1)(a) from the ordinary causation requirement of Colorado's general assault statute). Proximate cause is also a heightened form of causation under Arizona law, which was at issue in *Ceron–Sanchez*. *See, e.g., Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 789 P.2d 1040, 1047–48 (1990) (defining proximate cause under Arizona law). Grajeda–Ramirez's argument is, therefore, without merit.

### II.

In *United States v. Pimentel–Flores*, 339 F.3d.959, 963–67 (9th Cir.2003), we held that under recent amendments to the sentencing guidelines, a "crime of violence" need only be a "felony" as defined in the application notes—and not an aggravated

felony as statutorily defined—to qualify for a 16 level enhancement. As both parties agree, *Pimentel–Flores* controls this case. Accordingly, the district court did not err in applying a 16–level enhancement here.

**AFFIRMED.**