**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

ANTHONY L. LAWRENCE,
         *Defendant-Appellant.*

No. 09-30285

D.C. No.
2:08-cr-00177-
WFN-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted
August 5, 2010—Seattle, Washington

Filed December 10, 2010

Before: William C. Canby, Jr., David R. Thompson and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Canby

**COUNSEL**

Aine Ahmed, Russell E. Smoot, Assistants United States Attorneys, Spokane, Washington, for the plaintiff-appellee.

Byron G. Powell, Spokane, Washington, for the defendant-appellant.

**OPINION**

CANBY, Senior Circuit Judge:

Anthony L. Lawrence was convicted by a jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), following his involvement in a shooting in early 2008. At sentencing, the district court determined that the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum sentence applied in Lawrence's case. Lawrence now appeals his sentence, arguing that the government failed to prove that he had three previous qualifying convictions that would trigger the ACCA's mandatory minimum.[1] We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

---

[1]Lawrence also appeals his conviction, contending that his inability to view directly the witnesses who testified against him at trial, because of his poor eyesight, denied him his Sixth Amendment confrontation right. We reject this argument. We assume that the confrontation right requires accommodation of visual impairments. *See United States v. McMillan*, 600 F.3d 434, 454 (5th Cir. 2010) ("When faced with a defendant who is affected by blindness, the court should afford such a defendant reasonable facilities for confronting and cross-examining the witnesses as the circumstances will permit." (internal quotation omitted)). By employing a large television screen to enable Lawrence to see the witnesses more clearly, the district court adequately accommodated Lawrence's impaired vision "in the context of the necessities of trial and the adversary process," *Maryland v. Craig*, 497 U.S. 836, 850 (1990), "thereby preserv[ing] the essence of effective confrontation," *id.* at 857.

The ACCA provides that a person who is convicted of being a felon in possession of a firearm is subject to a fifteen-year mandatory minimum sentence if that person "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The district court found that Lawrence previously had been convicted of not just three, but five, qualifying offenses, including two serious drug offenses and three violent felonies. Because Lawrence now concedes that the two drug convictions qualify as ACCA predicate offenses, we may affirm Lawrence's sentence if we conclude that he was convicted of at least one violent felony.

[1] We review de novo whether a state conviction qualifies as a violent felony under the ACCA. *United States v. Ankeny*, 502 F.3d 829, 839 (9th Cir. 2007). The ACCA defines "violent felony" to include, *inter alia*, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).[2] We are guided by the precedent of both the Supreme Court and our court in applying this definition. In particular, we bear in mind that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 130 S. Ct. at 1271. In other words, the term "violent felony" "['']suggests a category of violent, active crimes.' " *Id.* (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). We also are cognizant that, to qualify as defining a violent felony, a state statute must require that the physical force be inflicted intentionally, as

---

[2]The ACCA also defines "violent felony" to include certain enumerated offenses or an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The enumerated offenses are not at issue here, and the government has disclaimed any reliance on the ACCA's "so-called 'residual clause.' " *Johnson v. United States*, 130 S. Ct. 1265, 1274 (2010).

opposed to recklessly or negligently. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc).[3]

To determine whether a statute "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), we first apply the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). *See United States v. Grajeda-Ramirez*, 348 F.3d 1123, 1125 (9th Cir. 2003), *overruled on other grounds by Fernandez-Ruiz*, 466 F.3d at 1132. Under the categorical approach, we consider only "the fact of conviction and the statutory definition of the prior offense," *Taylor*, 495 U.S. at 602, not "the particular facts underlying [the] conviction[ ]," *id.* at 600. "If the statute of conviction prohibits *only* conduct that includes the requisite use, threatened use or attempted use of force, we need not look beyond the fact of conviction to conclude that the prior offense was a crime of violence." *Grajeda-Ramirez*, 348 F.3d at 1125.

For reasons stated below, we hold that Lawrence's conviction for second-degree assault, in violation of Washington Revised Code section 9A.36.021(1)(a) ("Section 9A.36.021(1)(a)"), categorically qualifies as a violent felony under the ACCA. Thus, we need not decide whether Law-

---

[3]Fernandez-Ruiz considered the *mens rea* required for a state statute to qualify as a "crime of violence" under 18 U.S.C. § 16(a). *Fernandez-Ruiz*, 466 F.3d at 1125. Section 16(a) contains an element test that is materially identical to the test at issue in this case. *See* 18 U.S.C. § 16(a) (defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). We previously extended *Fernandez-Ruiz* to apply to the definition of "crime of violence" in United States Sentencing Guideline ("U.S.S.G.") § 2L1.2, because the "relevant definitions . . . are identical." *United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007); *see also* U.S.S.G. § 2L1.2 n.1(B)(iii) (defining "crime of violence" to include "any . . . offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another"). For the same reason, we hold that *Fernandez-Ruiz*'s requirement of intentional use of physical force applies to the ACCA's violent felony predicate.

rence's previous Washington convictions for either third-degree assault, Wash. Rev. Code § 9A.36.031(1)(f), or felony riot, Wash. Rev. Code § 9A.84.010(1), (2)(b), qualify as ACCA predicate offenses.

**[2]** Section 9A.36.021(1)(a) provides that "[a] person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree[,] . . . [i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." Wash. Rev. Code § 9A.36.021(1)(a).[4] Washington courts interpret Section 9A.36.021(1)(a) to have two elements: an act (an intentional assault) and a result (reckless infliction of substantial bodily harm). *See, e.g.*, *State v. Keend*, 166 P.3d 1268, 1272-73 (Wash. Ct. App. 2007). Each element requires a different *mens rea*, and "under [Section] 9A.36.021(1)(a), a defendant could intend to assault another without thereby intending to inflict substantial bodily harm." *Id.* at 1273.

**[3]** This is not the first time that we have considered whether Section 9A.36.021(1)(a) requires the use of physical force against the person of another. In *United States v. Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir. 2005), we held that Section 9A.36.021(1)(a) defined a categorical crime of violence within the meaning of U.S.S.G. § 2L1.2. We considered it sufficient that the statute requires the reckless infliction of substantial bodily injury, an element of statutes that we had held were categorical crimes of violence in *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172-73 (9th Cir. 2000), and *United States v. Grajeda-Ramirez*, 348 F.3d 1123, 1125 (9th Cir. 2003). *See Hermoso-Garcia*, 413 F.3d at 1089.

---

[4]Violation of Section 9A.36.012(1)(a) is a Class B felony punishable by up to ten years in prison. Wash. Rev. Code §§ 9A.20.021(1)(b), 9A.36.021(2)(a). The statute thus satisfies the ACCA's requirement that the offense, to qualify as a violent felony, be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B)(i).

**[4]** In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), however, the Supreme Court held that the phrase "use of physical force" requires "a higher degree of intent than negligent or merely accidental conduct." *Id.* at 9. Thus, driving under the influence of alcohol and causing an accidental injury did not qualify as a crime of violence. *Id.* at 9-10. In *Fernandez-Ruiz*, we interpreted *Leocal* also to require more than recklessness, holding that a crime of violence "must involve the intentional use of force against the person or property of another." *Fernandez-Ruiz*, 466 F.3d at 1132. *Fernandez-Ruiz* expressly overruled cases such as *Ceron-Sanchez* that had held that crimes of violence could include offenses requiring only the reckless use of force against someone. *Fernandez-Ruiz*, 466 F.3d at 1126-27, 1132. By extension, *Fernandez-Ruiz* has undermined the underlying reasoning of *Hermoso-Garcia*'s holding that Section 9A.36.021(1)(a) requires the use of physical force against someone solely because of its element of reckless infliction of injury.

**[5]** Nonetheless, Section 9A.36.021(1)(a) differs in an important respect from the statutes at issue in *Ceron-Sanchez*, *Grajeda-Ramirez*, and *Fernandez-Ruiz*. While those statutes all required reckless infliction of injury without any intentional criminal assault,[5] Section 9A.36.021(1)(a) requires an *intentional* assault that thereby inflicts substantial bodily harm. Therefore, we must address a question that we had no reason to reach in *Hermoso-Garcia*: whether Section 9A.36.021(1)(a) is a categorical violent felony because it requires not just reckless infliction of substantial bodily harm, but also an intentional assault that causes such harm. We conclude that this requirement of intentional criminal assault,

---

[5]*Grajeda-Ramirez*, 348 F.3d at 1124-25, considered a Colorado vehicular assault statute criminalizing reckless driving that proximately causes serious bodily injury. Both *Ceron-Sanchez*, 222 F.3d at 1172, and *Fernandez-Ruiz*, 466 F.3d at 1125, dealt with an Arizona assault statute that may be violated by "recklessly causing *any* physical injury to another person," Ariz. Rev. Stat. § 13-1203(A)(1) (emphasis added).

coupled with a requirement of substantial bodily harm, renders Section 9A.36.021(1)(a) a violent felony.

**[6]** Because the Washington criminal code does not define assault, the Washington courts look to the common law for a definition. *See, e.g.*, *State v. Wilson*, 883 P.2d 320, 323 (Wash. 1994) (en banc). Washington courts recognize three means of accomplishing an assault: "(1) an attempt, with unlawful force, to inflict bodily injury upon another [attempted battery]; (2) an unlawful touching with criminal intent [actual battery]; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is capable of inflicting that harm [common law assault]." *Id.* (internal quotation marks omitted) (bracketed alterations in *Wilson*).

**[7]** In applying the categorical approach, "we look 'at the least egregious end of the state statute's range of conduct.' " *United States v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir. 2010) (brackets and citation omitted); *see also Johnson*, 130 S. Ct. at 1269 (looking to "the least [of a state statute's prohibited] acts" to determine whether the defendant was convicted of a violent felony). Here, the "least egregious" of the three assault modalities is the second (unlawful touching with criminal intent), which can be accomplished by merely spitting on another person. *See State v. Humphries*, 586 P.2d 130, 133 (Wash. Ct. App. 1978).[6]

---

[6]We also note that the overwhelming majority of Washington cases considering Section 9A.36.021(1)(a) have involved the "unlawful touching" variant of assault. *See, e.g.*, *Keend*, 166 P.3d at 1271, 1273 (punch in the face); *State v. Esters*, 927 P.2d 1140, 1141-42 (Wash. Ct. App. 1996) (physical abuse of a child). The categorical approach is concerned with "*the ordinary case*," and requires a showing that there is a "realistic probability," not a "theoretical possibility" that a defendant could be convicted for conduct not meeting the federal standard of violence. *United States v. Carson*, 486 F.3d 618, 619-20 (9th Cir. 2007) (internal quotation marks omitted). Even if there were a realistic probability of prosecution under Section 9A.36.021(1)(a) for an assault by either attempted battery or caus-

**[8]** An element of "unlawful touching" would not on its own qualify Section 9A.36.021(1)(a) as a categorical violent felony, because the offense would not in all cases punish conduct that is violent in nature. *See Singh v. Ashcroft*, 386 F.3d 1228, 1234 (9th Cir. 2004) (holding that an Oregon harassment statute was not a categorical crime of violence because it may be violated simply by " 'causing spittle to land on the person' of another") (citation omitted); *see also Suazo Perez v. Mukasey*, 512 F.3d 1222, 1226 (9th Cir. 2008) (holding that Washington's fourth-degree assault statute was not a categorical crime of violence because it "can be committed by non-consensual offensive touching"); *United States v. Sandoval*, 390 F.3d 1077, 1081 (9th Cir. 2004) (holding that Washington's third-degree assault statute was not a categorical crime of violence because "it is possible to commit third-degree assault through an unlawful touching that does not involve substantial physical force or seriously risk physical injury"). Section 9A.36.021(1)(a), however, requires not just an intentional assault, but an intentional assault that results in substantial bodily harm. The Washington criminal code defines "substantial bodily harm" as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any

---

ing apprehension of harm, our cases indicate that those variants, at least when those assaults thereby inflict or are likely to inflict substantial bodily harm, satisfy the ACCA as predicate violent felonies. *See, e.g.*, *United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) (concluding that a California assault statute, "[b]y criminalizing 'unlawful attempt[s] . . . to commit a violent injury on the person of another' with . . . force likely to produce serious injury, . . . requires at least 'attempted use . . . of physical force against the person of another' " (first and last omissions in *Grajeda*) (citation omitted)); *United States v. Juvenile Female*, 566 F.3d 943, 947-48 (9th Cir. 2009) (holding that "a defendant charged [with] assault resulting in bodily injury[ ] necessarily must have committed an act of force in causing the injury," where that assault could be accomplished through attempted battery or "caus[ing] reasonable apprehension of immediate bodily harm").

bodily part." Wash. Rev. Code § 9A.04.110(4)(b). We have held that assault statutes penalizing intentional conduct that results or is likely to result in such bodily injury necessarily require force that "go[es] beyond the 'least touching,' and represents 'actual force' that is violent in nature." *Grajeda*, 581 F.3d at 1192; *see also Juvenile Female*, 566 F.3d at 948 ("[A] defendant charged [with] assault resulting in bodily injury[ ] necessarily must have committed an act of force in causing the injury.").[7]

**[9]** It may be possible to dream up unusual scenarios in which a non-violent act, such as spitting, could thereby result in "substantial bodily injury." The Supreme Court has made it clear, however, that categorical analysis

> requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

---

[7]In *Grajeda* we interpreted a California statute requiring that assault be committed " 'by any means of force *likely* to produce great bodily injury.' " 581 F.3d at 1192 (quoting Cal. Penal Code § 245(a)(1)) (emphasis added). The requirement in the Washington statute at issue that the infliction of substantial bodily harm must have been "recklessly" inflicted encompasses a similar concept, as recklessness requires a person to "know[ ] of and disregard a *substantial risk* that a wrongful act may occur." Wash. Rev. Stat. § 9A.08.010(1)(c) (emphasis added). Thus, Section 9A.36.021(1)(a) will necessarily require violent force because only such force will involve a "substantial risk" of inflicting "substantial bodily harm."

*Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007). Lawrence does not claim that his own Section 9A.36.021(1)(a) conviction involved non-violent conduct. Lawrence also has pointed to no Washington case applying Section 9A.36.021(1)(a) to non-violent conduct, and we have found no such case on our own.[8] Lawrence accordingly fails to meet the standard specified by *Duenas-Alvarez. See also Laurico-Yeno*, 590 F.3d at 822 (holding that a California statute "penaliz[ing] the intentional use of force that results in a traumatic condition" was a categorical crime of violence, rejecting as hypothetical the defendant's contention that a "conviction *could* result from a non-violent use of force" that nonetheless resulted in injury). We conclude, therefore, that there is no realistic probability that a person could be convicted of violating Section 9A.36.021(1)(a) without having committed a violent act.

**[10]** In addition, because Section 9A.36.021(1)(a) requires an intentional assault, it is of no moment that it requires that substantial bodily harm be inflicted only with recklessness. In *Grajeda*, we held that a California assault statute was a categorical crime of violence even though the statute did not require that the defendant intended to cause specific injury. *Grajeda*, 581 F.3d at 1195. We explained that "[w]hile this formulation of the necessary *mens rea* does not fit neatly with the standard articulated in *Fernandez-Ruiz*, [the statute's requirement of intentional use of force] satisfies the concerns animating *Leocal* and *Fernandez-Ruiz* that the proscribed

---

[8]*State v. Shepple*, 145 Wash. App. 1046, 2008 WL 2792016 (Wash. App. Div. 2008) (unpublished) is the closest case we could find to one in which a defendant was prosecuted under Section 9A.36.021(1)(a) for intentional conduct that was non-violent. The defendant in *Shepple* was charged with second degree assault after pushing an individual who then "fell backward and was hit by a passing vehicle . . . suffer[ing] serious injuries." *Id.* at *1. But the opinion gave no indication of how forceful the "push" was, so it could have been quite violent. Moreover, in the end, the defendant was convicted only of the lesser included offense of third degree assault. *Id.* at *2. Thus, *Shepple* does not affect our conclusion.

conduct be 'violent' and 'active,' and the use of force not merely accidental." *Id.* at 1195. So, too, here. Section 9A.36.021(1)(a) does not punish accidental conduct, but rather requires an intentional assault so violent as to inflict substantial bodily harm. *Grajeda* makes clear that, so long as the assault was intentional and substantial bodily injury was likely, no intent to commit the resulting harm is required; it follows *a fortiori* that a reckless infliction of substantial bodily harm in the course of an intentional assault qualifies as a crime of violence, as recklessness requires a substantial risk of harm.

[11] We accordingly hold that a violation of Section 9A.36.021(1)(a) qualifies as a violent felony under the categorical approach because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Lawrence's conviction and sentence are

**AFFIRMED.**