**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SANTOS ANTONIO SANCHEZ**, | No. 09-72257 |
| Petitioner, | Agency No. A073-411-819 |
| v. | |
| **ERIC H. HOLDER Jr., Attorney General**, | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2011
Seattle, Washington

Before:    **KOZINSKI**, Chief Judge, **PAEZ**, Circuit Judge, and **BURNS**, District Judge.[**]

  **1.** Sanchez concedes that conviction under Oregon Revised Statutes

section 163.165(1)(e) "does require an intent to injure, and that injury be caused,"

but he claims that "even intentional injury[] can be caused without the use of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

force." Categorical analysis "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." United States v. Lawrence, 627 F.3d 1281, 1287 (9th Cir. 2010) (quoting Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)). Sanchez has not "point[ed] to . . . cases in which the state courts in fact did apply [section 163.165(1)(e)] in the special (nongeneric) manner for which he argues," id. (quoting Duenas-Alvarez, 549 U.S. at 193), and we have found none. Indeed, in construing section 163.165(1)(a), the Oregon Supreme Court has defined "causes" to mean "brings about, makes, or effects by force," State v. Murray, 162 P.3d 255, 257, 260 (Or. 2007) (emphasis added), and we see no reason to define the word differently in section 163.165(1)(e). Therefore, we find "no realistic probability that a person could be convicted of violating [section 163.165(1)(e)] without having" used force. Lawrence, 627 F.3d at 1288.

Because section 163.165(1)(e) sets out "a felony . . . that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used" in committing the offense, Sanchez's conviction under that provision qualifies as a "crime of violence" under 18 U.S.C. § 16(b). He is therefore removable as an aggravated felon, see 8 U.S.C. §§ 1101(a)(43)(F),

1227(a)(2)(A)(iii), and ineligible for cancellation of removal and asylum, see Rendon v. Mukasey, 520 F.3d 967, 973 (9th Cir. 2008).

**2.** An applicant for withholding of removal is eligible only if he fears persecution "on account of one of the five protected grounds," which include "membership in a particular social group, [and] political opinion." Ramos-Lopez v. Holder, 563 F.3d 855, 858 (9th Cir. 2009). Sanchez's proposed group of "young men who are deported to El Salvador [and] may be perceived as . . . gang member[s] because of their tattoos" is not a "particular social group." See Arteaga v. Mukasey, 511 F.3d 940, 945–46 (9th Cir. 2007); Castellano-Chacon v. INS, 341 F.3d 533, 549 (6th Cir. 2003). Sanchez's other proposed group, "those who have been actively recruited by gangs, but . . . refused to join because they oppose the gangs," fares no better. See Ramos-Lopez, 563 F.3d at 860; Santos-Lemus v. Mukasey, 542 F.3d 738, 745–46 (9th Cir. 2008). And "resistance to a gang's recruitment efforts" does not, without more, constitute a political opinion. Santos-Lemus, 542 F.3d at 747.

**3.** An applicant for relief under the United Nations Convention Against Torture must prove that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." Cole v. Holder, No. 09-73625, slip

op. 17,957, 17,971 (9th Cir. Sept. 22, 2011) (quoting 8 C.F.R. § 208.16(c)(2)).

The Board of Immigration Appeals found that Sanchez failed to carry this burden,

and we must uphold the Board's determination "unless the evidence in the record

compels a contrary conclusion." Id. at 17,970 (internal quotation marks omitted).

The Harvard Law School study cited by Sanchez doesn't come close to meeting

this standard. Nor is it "highly probative or potentially dispositive evidence" that

the immigration judge was required to discuss in his written decision. Id. at

17,974.

**DENIED.**