**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RAQWON SLADE,
*Defendant-Appellant.*

No. 16-30150

D.C. No.
2:15-cr-00353-MJP-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 11, 2017
Seattle, Washington

Filed October 10, 2017

Before: M. Margaret McKeown, Carlos T. Bea,
and N. Randy Smith, Circuit Judges.

Opinion by Judge Bea

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence for being a felon in possession of a firearm, and remanded for resentencing, in a case in which the district court treated the defendant's prior conviction under Washington's second-degree assault statute, Revised Code of Washington section 9A.36.021, as a "crime of violence" under the United States Sentencing Guidelines.

The panel held that *United States v. Jennen*, 596 F.3d 594 (9th Cir. 2010), in which this court affirmed a sentence when the district court had treated a prior conviction under section 9A.36.021(1)(c) as a crime of violence, has been effectively overruled by the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Applying *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017), the panel wrote that section 9A.36.021 criminalizes conduct that does not meet the generic federal definition of crime of violence and is not divisible. The panel concluded that the district court therefore erred in applying the modified categorical approach and in determining that the defendant's prior conviction constituted a crime of violence, which caused the district court to miscalculate the defendant's base offense level and Guidelines range.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Vanessa Pai-Thompson (argued), Assistant Federal Public Defender, Federal Public Defender's Office, Seattle, Washington, for Defendant-Appellant.

Michael Symington Morgan (argued), Assistant United States Attorney; Annette L. Hayes, United States Attorney; United States Attorney; United States Attorney's Office, Seattle, Washington; for Plaintiff-Appellee.

**OPINION**

BEA, Circuit Judge:

Raqwon Slade ("Slade") appeals his sentence for being a felon in possession of a firearm. Slade's sentence was enhanced because the district court treated his prior conviction under Washington's second-degree assault statute, Revised Code of Washington section 9A.36.021 ("section 9A.36.021"), as a "crime of violence" under the United States Sentencing Guidelines ("Guidelines"). State court documents from the prior conviction demonstrated that Slade had pleaded guilty to violating section 9A.36.021(1)(c), assault with a deadly weapon. We reverse.

This case is controlled by our recent decision in *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017), in which we held that section 9A.36.021 is not a crime of violence under the Guidelines. 869 F.3d at 941. However, before we can apply *Robinson*, we must first conclude that *United States v. Jennen*, 596 F.3d 594 (9th Cir. 2010), in which we affirmed a sentence when the district court had treated the defendant's prior conviction under section 9A.36.021(1)(c)

as a crime of violence, *id.* at 601–02, has been effectively overruled by the Supreme Court's subsequent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

## I.  Factual and Procedural Background

Slade had a seizure and was treated by firefighters. King County Sheriff's deputies that were dispatched to assist the firefighters found a loaded pistol in Slade's pocket. Slade, a convicted felon, was subsequently charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Slade pleaded guilty.

As noted above, Slade had previously been convicted under section 9A.36.021. Before sentencing, the Presentence Report ("PSR") recommended that the prior conviction be treated as a crime of violence and that Slade be assigned a base offense level of 20 pursuant to section 2K2.1(a)(4)(A) of the Guidelines.[1] Section 2K2.1 defines a "crime of violence," in relevant part, as "any offense . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *See Robinson*, 869 F.3d at 937 (citing Application Note 1 to U.S.S.G. § 2K2.1). In this context, physical force means violent force, i.e., force that can cause physical pain or injury. *Id.*

Washington's second-degree assault statute lists different methods of committing second-degree assault in

---

[1] Guidelines section 2K2.1(a)(4)(A) provides for a base offense level of 20 if the defendant unlawfully possessed a firearm subsequent to sustaining a felony conviction for a crime of violence.

the seven subsections of section 9A.36.021(1). The PSR noted that, during Slade's prior conviction, he pleaded guilty to violating section 9A.36.021(1)(c), assault with a deadly weapon.[2] The PSR concluded this prior conviction was for a crime of violence.

Additionally, the PSR recommended a three-level downward adjustment for acceptance of responsibility. The PSR assigned three criminal history points for Slade's prior conviction, which established a criminal history category of II. Based on a total offense level of 17 and a criminal history category of II, the PSR concluded that Slade's Guidelines sentencing range was twenty-seven to thirty-three months' imprisonment.

At sentencing, the district court applied the modified categorical approach[3] and concluded that Slade's prior conviction constituted a crime of violence. The court then sentenced Slade to twenty-four months' imprisonment, followed by three years of supervised release.

Slade appeals his sentence. He contends that the district court erred by using the modified categorical approach and that his previous conviction does not constitute a crime of violence under the Guidelines.

---

[2] According to the judgment and the information in this case, during an argument that led to a physical fight, Slade produced a gun and shot a man.

[3] Under the modified categorical approach, a sentencing court examines "a limited class of documents" from a defendant's prior conviction to determine whether the defendant's prior crime qualifies as a crime of violence under the Guidelines. *Robinson*, 869 F.3d at 936 (quoting *United States v. Arriaga-Pinon*, 852 F.3d 1195, 1199 (9th Cir. 2017)).

## II.  Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo whether a state crime qualifies as a crime of violence under the Guidelines.  *United States v. Crews*, 621 F.3d 849, 851 (9th Cir. 2010).

## III.    Discussion

We apply the categorical approach described in the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575 (1990), *Descamps*, and *Mathis* to decide whether a defendant's prior conviction qualifies as a crime of violence under the Guidelines.  *See Robinson*, 869 F.3d at 936.  First, we decide whether the elements of the prior crime match the elements of the generic federal definition of a crime of violence.  *Id.*  If the statute of conviction is overbroad and not a categorical match, we then ask whether the statute is divisible into separate crimes with unique elements.  *Id.*  If the statute is divisible, only then may a court use the modified categorical approach.  *Id.*

On appeal, Slade contends that his prior conviction for second-degree assault does not constitute a crime of violence because section 9A.36.021 is categorically overbroad and not divisible.  In response, the government contends that this case is controlled by *Jennen*.

### A.  *United States v. Jennen* **has been effectively overruled.**

Slade contends that *Jennen* is no longer good law in light of the Supreme Court's subsequent decisions in *Descamps* and *Mathis*.  We agree.  "[W]here the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-

judge panel should consider itself bound by the latter and controlling authority, and should reject the prior circuit opinion as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

In *Jennen*, the defendant was convicted of being a felon in possession of a firearm and ammunition. 596 F.3d at 596. Previously, the defendant had been convicted of section 9A.36.021, in particular, section 9A.36.021(1)(c), assault with a deadly weapon. *See id.* at 600. At sentencing, the district court held that this prior conviction constituted a crime of violence under the Guidelines. *Id*. We affirmed the sentence imposed by the district court, and concluded that the defendant's prior conviction for second-degree assault with a deadly weapon constituted a crime of violence. *Id.* at 600–02.

In so doing, the *Jennen* court failed to consider whether section 9A.36.021 itself was divisible, no doubt because *Descamps* and *Mathis* had not yet clarified that particular analytical step. *See Jennen*, 596 F.3d at 600–02. As a result, the *Jennen* court implicitly assumed that section 9A.36.021 was divisible into separate crimes based on the listed subsections in 9A.36.021(1). *See id*. at 601. The court then proceeded to apply the categorical overbreadth analysis to only a particular subsection of section 9A.36.021(1), section 9A.36.021(1)(c). *Id*. at 601–02. If section 9A.36.021 were divisible (as defined in *Descamps* and *Mathis*), such an approach would be a proper application of the modified categorical approach. *See Mathis*, 136 S. Ct. at 2249. However, if the statute is not divisible, then it would be improper to apply the modified categorical approach to determine whether only one part of Washington's second-degree assault statute constitutes a crime of violence under the Guidelines. *See id.* at 2253–54.

Since *Jennen* failed to consider whether section 9A.36.021 is divisible—and it is not, per *Robinson*—the decision's reasoning is "clearly irreconcilable" with the analytical process prescribed by *Descamps* and *Mathis*. *Gammie*, 335 F.3d at 893. Therefore, we are bound by *Descamps* and *Mathis* rather than *Jennen*.[4] *See id.*

### B. As we held in *Robinson*, section 9A.36.021 does not constitute a crime of violence under the Guidelines.

In *Robinson*, at sentencing, the district court treated the defendant's prior conviction under section 9A.36.021 as a crime of violence when the court applied Guidelines section 2K2.1. 869 F.3d at 935–36. We reversed the sentence, holding that section 9A.36.021 is not a crime of violence under the Guidelines. *Id*. at 941. As Slade's prior section 9A.36.021 conviction was also considered a crime of violence at sentencing, we follow *Robinson*.

Following *Mathis*, we first must determine if some of the conduct criminalized by section 9A.36.021 does not constitute a crime of violence. *Robinson*, 869 F.3d at 936. As in *Robinson*, the government does not dispute that section 9A.36.021 is categorically overbroad. We agreed and held

---

[4] We reached an analogous conclusion in *Robinson*. In *United States v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010), we held that section 9A.36.021(1)(a), intentional assault in which the defendant recklessly inflicts substantial bodily harm, is categorically a "violent felony" under the Armed Career Criminal Act. *Id*. at 1288. We held in *Robinson* that *Lawrence* is no longer good law because *Lawrence* is "clearly irreconcilable" with the Supreme Court's decisions in *Descamps* and *Mathis* since the *Lawrence* court failed to consider whether section 9A.36.021 is divisible. *See Robinson*, 869 F.3d at 936–37 (citation omitted).

that "subsection (1)(e) criminalizes conduct that is not covered by section 2K2.1's definition of 'crime of violence.'" *Id*. at 938.

Next, we must determine whether section 9A.36.021 is divisible into separate crimes. *See id.* at 938–39. We held in *Robinson* that section 9A.36.021 is not divisible because, after reviewing decisions of the Washington Supreme Court and Washington pattern jury instructions, we concluded that "section 9A.36.021 defines a single crime—second-degree assault—and provides seven different 'means' by which a person can commit that crime." *Id.* at 941.

Since section 9A.36.021 criminalizes conduct that does not meet the generic federal definition of a crime of violence and is not divisible, section 9A.36.021 is not a crime of violence for purposes of applying Guidelines section 2K2.1. *Id.* Therefore, the district court erred in sentencing Slade. This error caused the district court to miscalculate Slade's base offense level and Guidelines range.[5] "A mistake in calculating the recommended Guidelines range is a significant procedural error that requires us to remand for resentencing." *United States v. Lee*, 821 F.3d 1124, 1226

---

[5] As noted above, the district court calculated Slade's base offense level as 20 because it applied Guidelines section 2K2.1(a)(4), subtracted three levels for acceptance of responsibility, which, combined with Slade's criminal history category II, yielded a sentencing range of twenty-seven to thirty-three months. Since Slade's prior conviction cannot be treated as a conviction for a crime of violence, Slade's base offense level should have been fourteen. U.S.S.G. § 2K2.1(a)(6)(A). With a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, his Guidelines range would have been twelve-to-eighteen months' imprisonment. U.S.S.G. ch. 5, pt. A.

(9th Cir. 2016) (quoting *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011)).

**IV.    Conclusion**

We **VACATE** Slade's sentence and **REMAND** for resentencing.