**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

SELSO RANDY ORONA,
*Defendant-Appellee.*

No. 17-17508

D.C. Nos.
2:16-cv-02160-SRB
2:11-cr-00856-SRB-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 4, 2019
Phoenix, Arizona

Filed May 10, 2019

Before: Michael Daly Hawkins, Milan D. Smith, Jr.,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hawkins

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel affirmed the district court's judgment granting Selso Randy Orona's 28 U.S.C. § 2255 motion in connection with a 2012 conviction for which Orona received an enhanced sentence under the Armed Career Criminal Act (ACCA).

The district court agreed with Orona that, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), his 2007 conviction for aggravated assault under Arizona Revised Statute § 13-1203(A)(1) no longer qualified as a predicate felony under the ACCA. The district court relied on *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc), which held that § 13-1203(A)(1) does not have as an element "the use, attempted use or threatened use of physical force against the person . . . of another" because it encompasses reckless conduct.

The government argued that *Voisine v. United States*, 136 S. Ct. 2272 (2016) – which held that a misdemeanor conviction for recklessly assaulting a domestic relation disqualifies an individual from possessing a firearm under 18 U.S.C. § 922(g)(9), and explained that § 922(g)(9) applies to reckless assaults – implicitly overruled *Fernandez-Ruiz*. The panel rejected this argument because *Voisine* expressly left open the question that *Fernandez-Ruiz* answered.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Krissa M. Lanham (argued), Assistant United States Attorney; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellant.

Keith J. Hilzendeger (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellee.

**OPINION**

HAWKINS, Senior Circuit Judge:

This is a government appeal from the grant of habeas relief to Selso Randy Orona in connection with a 2012 conviction for which he received an enhanced sentence under the Armed Career Criminal Act ("ACCA").

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause[1] of ACCA's "violent felony" definition is

---

[1] ACCA defines "violent felony" as any crime punishable by more than one year in prison that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or [(iii)] otherwise involves conduct that

unconstitutionally vague, Orona filed a motion under 28 U.S.C. § 2255, arguing that his conviction for aggravated assault under Arizona Revised Statute ("A.R.S.") § 13-1203(A)(1)[2] no longer qualified as a predicate felony under ACCA. The district court agreed, relying on our opinion in *Fernandez-Ruiz v. Gonzales*, which held that A.R.S. § 13-1203(A)(1) does not have as an element "the use, attempted use or threatened use of physical force against the person . . . of another" because it encompasses reckless conduct. 466 F.3d 1121, 1126, 1132 (9th Cir. 2006) (en banc); *see also United States v. Lawrence*, 627 F.3d 1281, 1284 n.3 (9th Cir. 2010) (extending *Fernandez-Ruiz* to ACCA's force clause), *overruled on other grounds by Descamps v. United States*, 570 U.S. 254 (2013).

Although the government conceded Orona was entitled to relief under *Fernandez-Ruiz*, it argued that the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), implicitly overruled that case. Because we conclude that *Fernandez-Ruiz* remains in effect, we affirm.

---

presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). These are commonly referred to as (i) the "force clause," (ii) the "enumerated crimes clause," and (iii) "the residual clause." *See United States v. Walton*, 881 F.3d 768, 771 (9th Cir. 2018).

[2] We **GRANT** the government's unopposed motion to take judicial notice of certain documents regarding Orona's prior convictions (Dkt. Entry No. 8).

## BACKGROUND

In 2012, Orona was convicted of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The government sought an enhanced sentence under ACCA, which provides for a mandatory minimum fifteen-year sentence for individuals who violate 18 U.S.C. § 922(g) and have three prior convictions for certain violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The district court found that Orona had at least three qualifying prior convictions—including a 2007 aggravated assault conviction under A.R.S. § 13-1203(A)(1)[3]—and imposed the fifteen-year mandatory minimum sentence.

Following the Supreme Court's decision in *Johnson*, Orona received permission to file a second § 2255 habeas motion challenging his ACCA sentence. In that motion, Orona argued that his 2007 aggravated assault conviction no longer qualified as a violent felony under ACCA's residual clause, in light of *Johnson*, and could not qualify as a violent felony under ACCA's force clause, in light of *Fernandez-Ruiz*. The district court agreed with Orona, rejected the government's contention that *Fernandez-Ruiz* had been implicitly overruled, and resentenced Orona to time served and thirty months of supervised release. This timely appeal followed.

## STANDARD OF REVIEW

We review de novo the grant of a motion under 28 U.S.C. § 2255. *United States v. Allen*, 157 F.3d 661, 663 (9th Cir.

---

[3] The state statute provides, in relevant part, that a person commits assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person." A.R.S. § 13-1203(A)(1).

1998).  We also review de novo whether a state conviction qualifies as a violent felony under ACCA.  *Walton*, 881 F.3d at 770–71.

## DISCUSSION

Because *Voisine* did not expressly overrule *Fernandez-Ruiz*,[4] we must follow it unless *Voisine* "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  The "clearly irreconcilable" standard is a high one, and as long as we "can apply our prior circuit precedent without running afoul of the intervening authority[,] [we] must do so."  *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th 2018)).

I. *Evolution of Precedent Regarding A.R.S. § 13-1203(A)(1) and the "Crime of Violence"/"Violent Felony" Definition.*

When first confronted with the issue, we held that A.R.S. § 13-1203(A)(1) has "as an element the use, attempted use or threatened use of physical force against the person or property of another."  *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172–73 (9th Cir. 2000).  *Ceron-Sanchez* considered the definition of "crime of violence" in 18 U.S.C. § 16(a), which includes verbatim ACCA's force clause.  *See id.* at 1171–72.  The defendant in *Ceron-Sanchez* argued that A.R.S. § 13-1203(A)(1) is not a "crime of violence" because

---

[4] Although *Fernandez-Ruiz* considered whether A.R.S. § 13-1203(A)(1) was a crime of violence within the meaning of 18 U.S.C. § 16(a), its holding also applies to the force clause of ACCA's "violent felony" definition.  *Lawrence*, 627 F.3d at 1284 n.3.  The parties agree that *Fernandez-Ruiz* controls the outcome of this appeal, unless *Voisine* implicitly overruled it.

it encompasses reckless conduct. *Id.* at 1172. We rejected the argument because, "in order to support a conviction under § 13-1203(A)(1), the reckless conduct must have caused actual physical injury to another person." *Id.* at 1172–73.

Several years later, the Supreme Court granted certiorari "to resolve a conflict among the Courts of Appeals on the question whether state DUI offenses . . . which either do not have a *mens rea* component or require only a showing of negligence in the operation of a vehicle, qualify as a crime of violence [under § 16(a)]" and held that they do not. *Leocal v. Ashcroft*, 543 U.S. 1, 6 (2004). In relevant part, the Court explained:

> The critical aspect of § 16(a) is that a crime of violence is one involving the "use . . . of physical force *against the person or property of another*." As we said in a similar context . . . "use" requires active employment. While one may, in theory, actively employ *something* in an accidental manner, it is much less natural say to say that a person actively employs physical force against another person by accident. Thus, a person would "use . . . physical force against" another when pushing him; however, we would not ordinarily say a person "use[s] . . . physical force against" another by stumbling and falling into him. . . . The key phrase in § 16(a)—the "use . . . of physical force against the person or property of another"— most naturally suggests a higher degree of intent than negligent or merely accidental conduct.

*Id.* at 9 (alterations in original) (internal citations omitted). Accordingly, the Court held that the DUI conviction at issue did not qualify as a crime of violence under § 16(a). *Id.* at 10. The Court clarified, however, that the case did not address "whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under . . . § 16." *Id.* at 13.

Following *Leocal*, our court, sitting en banc, reconsidered whether assault under A.R.S. § 13-1203(A)(1) qualifies as a crime of violence under § 16(a). *Fernandez-Ruiz*, 466 F.3d at 1126–32. Acknowledging that *Leocal* "merely holds that using force negligently or less is not a crime of violence," we extended that case's reasoning to "crimes involving the reckless use of force." *Id.* at 1129. We saw no "important differences between negligence and recklessness," as neither "implies that physical force is instrumental to carrying out the crime, such as the plain meaning of the word 'use' denotes." *Id.* at 1130. The en banc court recognized that "[r]eckless conduct, as generally defined, is not purposeful," and "[e]ven more clearly, reckless conduct as defined by Arizona law is not purposeful." *Id.* Looking at the "full range of conduct proscribed by [A.R.S.] § 13-1203(A)(1)," we elaborated:

> As the Court suggested in *Leocal* . . . any other conclusion would blur the distinction between the violent crimes Congress sought to distinguish for heightened punishment and other crimes. . . . Indeed, a person could be convicted of assault under [A.R.S.] § 13-1203(A)(1) by running a stop sign solely by reason of voluntary intoxication and causing physical injury to another. Such

> conduct cannot, in the ordinary sense, be called active or violent.

*Id.* (internal quotation marks and citations omitted).

*Fernandez-Ruiz* "expressly overrule[d] our cases holding that crimes of violence under . . . § 16 may include offenses committed through the reckless, or grossly negligent, use of force" and held that A.R.S. § 13-1203(A)(1) is not a crime of violence under § 16(a). *Id.* at 1132. In doing so, we relied on "[t]he bedrock principle of *Leocal* . . . that to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another." *Id.* Because § 16(a) is materially identical to ACCA's definition of "violent felony," we later recognized that *Fernandez-Ruiz* controls our interpretation under ACCA. *Lawrence*, 627 F.3d at 1284 n.3.

In 2016, the Supreme Court held in *Voisine v. United States*, 136 S. Ct. 2272 (2016), that a misdemeanor conviction for recklessly assaulting a domestic relation disqualifies an individual from possessing a firearm under 18 U.S.C. § 922(g)(9). The statute at issue there applied to a "misdemeanor under federal, state, or tribal law, committed by a person with a specified domestic relationship with the victim, that 'has as an element, the use or attempted use of physical force.'" *Id.* at 2276 (quoting 18 U.S.C. § 921(a)(33)(A)). Explaining that "[n]othing in the word 'use' . . . indicates that § 922(g)(9) applies exclusively to knowing or intentional domestic assaults," the Court determined that § 922(g)(9) "applies to reckless assaults, as it does to knowing or intentional ones." *Id.* at 2278.

The Court confirmed that its interpretation was consistent with the purpose and history of § 922(g)(9). *Id.* at 2280. Indeed, "Congress enacted § 922(g)(9) in 1996 to bar those domestic abusers convicted of garden-variety assault or battery misdemeanors—just like those convicted of felonies—from owning guns." *Id.* Many states defined misdemeanor domestic assault and battery crimes to include the reckless infliction of injury. *Id.* "[I]n linking § 922(g)(9) to those laws, Congress must have known it was sweeping in some persons who had engaged in reckless conduct." *Id.* Construing the statute to exclude recklessness would risk rendering it "broadly inoperative in the 35 jurisdictions with assault laws extending to recklessness." *Id.*

The Court rejected the petitioners' argument that *Leocal* required a different conclusion and explained:

> [N]othing in *Leocal* . . . suggests a different conclusion—*i.e.*, that "use" marks a dividing line between reckless and knowing conduct. . . . Conduct like stumbling . . . is a true accident, and so too the injury arising from it; hence the difficulty of describing that conduct as the "active employment" of force. But the same is not true of reckless behavior—acts undertaken with awareness of their substantial risk of causing injury . . . . The harm such conduct causes is the result of a deliberate decision to endanger another— no more an "accident" than if the "substantial risk" were "practically certain." And indeed, *Leocal* itself recognized the distinction between accidents and recklessness, specifically reserving the issue whether the

> definition in § 16 embraces reckless conduct
> . . . .

*Id.* at 2279 (alterations in original) (internal citations omitted).  *Voisine* identified several examples to illustrate that reckless conduct could involve a "use of force":  a person who injures his wife by throwing a plate against the wall near where she is standing, and a person who catches his girlfriend's fingers in the door jamb by slamming the door shut with her following close behind.  *Id.*

*Voisine* expressly limited its holding to the specific issue before it and explained that its decision "does not resolve whether § 16 includes reckless behavior."  136 S. Ct. at 2280 n.4.  The Court proceeded to distinguish § 921(a)(33)(A) from § 16, explaining that "[c]ourts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states."  *Id.*

II.  Voisine's *Impact on* Fernandez-Ruiz.

*Fernandez-Ruiz* brought the law of our circuit in line with that of several of our sister circuits.  466 F.3d at 1129.  Now, however, the tide has changed, and the majority of our sister circuits, either by overruling prior precedent or deciding the issue in the first instance, have extended *Voisine*'s holding to other "crime of violence" and "violent felony" definitions.  *See United States v. Haight*, 892 F.3d 1271, 1280–81 (D.C. Cir. 2018) (ACCA); *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018) (same); *United States v. Pam*, 867 F.3d 1191, 1207–08 (10th Cir. 2017) (same); *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016) (same); *see also United States v. Mann*, 899 F.3d 898, 905–06 (10th Cir. 2018) (18 U.S.C. § 924(c)(3)); *United*

*States v. Bettcher*, 911 F.3d 1040, 1045–46 (10th Cir. 2018) (U.S.S.G. § 4B1.2(a)(1)); *United States v. Ramey*, 880 F.3d 447, 448–49 (8th Cir. 2018) (same); *United States v. Verwiebe*, 874 F.3d 258, 262–64 (6th Cir. 2017) (same); *United States v. Howell*, 838 F.3d 489, 500–01 (5th Cir. 2016) (same).

There is no question that *Voisine* casts serious doubt on the continuing validity of *Fernandez-Ruiz*'s analysis.[5] *Fernandez-Ruiz* relied on *Leocal* to hold that felony assault under Arizona law is not a "crime of violence" involving the use or threatened use of force because the crime encompasses reckless conduct. *Fernandez-Ruiz*, 466 F.3d at 1129–32. *Voisine* explained that *Leocal* did not impact its determination that a domestic assault statute encompassing reckless conduct constitutes a "misdemeanor crime of domestic violence" involving the use or threatened use of force. 136 S. Ct. at 2279. *Fernandez-Ruiz* reasoned that the "conscious disregard of a substantial and unjustifiable risk

---

[5] Our court has noted this tension numerous times. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1067 n.4 (9th Cir. 2018) ("In a different context, the Supreme Court later held [in *Voisine*] that reckless assault implies intentional conduct. We do not need to revisit the recklessness issue to decide this case because . . . assault in California requires more than recklessness." (internal citation omitted)); *United States v. Perez-Silvan*, 861 F.3d 935, 942 n.4 (9th Cir. 2017) (noting the same when analyzing Tennessee assault statute); *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) ("After *Leocal*, we held that neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under § 16. This June, the Supreme Court [in *Voisine*] suggested the opposite, and held that for purposes of a similar statute—18 U.S.C. § 921(a)(33)(A)— reckless conduct indeed can constitute a crime of violence. But we need not resolve any tension regarding the inclusion of reckless conduct in this case." (internal quotation marks and citations omitted)).

of injury [does not] impl[y] that physical force is instrumental to carrying out the crime, such as the plain meaning of the word 'use' denotes."  466 F.3d at 1130. *Voisine* explained that "the word 'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so."  136 S. Ct. at 2279.

Nevertheless, *Voisine* expressly did not decide whether reckless conduct falls within the scope of § 16(a) and instead confirmed that it did not foreclose a different interpretation of that statute.[6]  136 S. Ct. at 2280 n.4.  Nor did *Voisine* wholly "undercut the theory or reasoning" of *Fernandez-Ruiz* that is central to this case.  *See Miller*, 335 F.3d at 900. Indeed, analyzing "the full range of conduct" proscribed under A.R.S. § 13-1203(A)(1), *Fernandez-Ruiz* determined that some of the proscribed conduct—"running a stop sign solely by reason of voluntary intoxication and causing physical injury to another"—similar to the conduct at issue in *Leocal*, could not "in the ordinary sense be called active or violent."  446 F.3d at 1130 (internal quotation marks and citations omitted).

Although we acknowledge that an intervening case need not involve the exact same issue to implicitly overrule prior authority, the distinctions here make it possible to "apply our prior circuit precedent without running afoul of the intervening authority."  *Close*, 894 F.3d at 1073.  Thus, we must do so.  *See id.* at 1074 ("Nothing short of 'clear irreconcilability' will do.").  At least one of our sister

---

[6] *See Gonzalez-Ramirez v. Sessions*, 727 F. App'x 404, 405 n.7 (9th Cir. 2018) (noting *Voisine* "does not affect our § 16(a) case law [and] our § 16(a) cases remain the law of this circuit").

circuits, the First, has reached a similar conclusion with respect to its pre-*Voisine* law, confirming our view that it is possible to reconcile *Fernandez-Ruiz* and *Voisine*. *See United States v. Rose*, 896 F.3d 104, 109–10 (1st Cir. 2018) (continuing to hold that reckless conduct does not meet force clause of ACCA's "violent felony" definition despite *Voisine*).

## CONCLUSION

Were we writing on a blank slate, we very well might follow the lead of our sister circuits and extend *Voisine*'s reasoning to the statute before us. But we are not, and *Voisine* expressly left open the question that *Fernandez-Ruiz* answered. We cannot say that *Voisine* is so clearly irreconcilable with *Fernandez-Ruiz*'s reasoning that this three-judge panel is no longer bound by the precedent of our court. We therefore affirm the district court's judgment.

**AFFIRMED.**