**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30023 |
| Plaintiff-Appellee, | D.C. No. 9:20-cr-00022-DLC-1 |
| v. | |
| TRACY EUGENE CONARD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 7, 2021[**]
Seattle, Washington

Before: McKEOWN, CHRISTEN, and BADE, Circuit Judges.

Tracy Eugene Conard appeals the district court's denial of his motion to suppress the fruits of the search of his residence. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo the district court's denial of the motion to suppress and underlying factual findings for clear error. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015) (citing *United States v. Turvin*, 517 F.3d 1097, 1099 (9th Cir. 2008)). "[P]robable cause means a fair probability that contraband or evidence is located in a particular place. Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question. Neither certainty nor a preponderance of the evidence is required." *United States v. Kleinman*, 880 F.3d 1020, 1036 (9th Cir. 2017) (as amended) (alteration in original) (internal quotation marks omitted). A magistrate judge's finding that probable cause exists is afforded "great deference." *Id.* (internal quotation marks omitted).

Considering the totality of circumstances, the search warrant affidavit established probable cause that evidence or contraband would be found at Conard's residence. The affidavit supplied sufficient indicia that the first confidential informant ("CI 1") was reliable. To begin, CI 1 was known to law enforcement, so CI 1 may be held accountable for providing false information in violation of the law. *See* Mont. Code Ann. § 45–7–205; *see also United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006). Further, CI 1's tip that on a certain date Conard would be in Kalispell purchasing methamphetamine from a dealer near a K-Mart store was partially corroborated by Conard's traffic stop that took place that day.

2

*See United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986) ("[A]n informant's reliability may be demonstrated through independent police corroboration of the information provided.").

Additionally, the controlled buy of methamphetamine at Conard's residence independently supports probable cause that evidence of drug trafficking would be found there. *See United States v. Jennen*, 596 F.3d 594, 600 (9th Cir. 2010), *abrogated on other grounds by Descamps v. United States*, 570 U.S. 254 (2013), *and Mathis v. United States*, 136 S. Ct. 2243 (2016), *as recognized in United States v. Slade*, 873 F.3d 712, 713 (9th Cir. 2017). The information obtained from the controlled buy was not stale. *See, e.g.*, *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993) ("With respect to drug trafficking, probable cause may continue for several weeks, *if not months*, of the last reported instance of suspect activity." (quoting *Angulo-Lopez*, 791 F.2d at 1399)).

That CI 1's tip about the nature of the contraband in Conard's home was not coextensive with the fruits of the search does not implicate the probable cause inquiry. "[W]e do not evaluate probable cause in hindsight, based on what a search does or does not turn up." *Florida v. Harris*, 568 U.S. 237, 249 (2013). Likewise, any ambiguity about whether there were two confidential informants or one is irrelevant because probable cause is evaluated based on the "totality of the circumstances." *See Kleinman*, 880 F.3d at 1036. The second

confidential informant did not provide a tip to law enforcement but simply participated in the controlled buy that was surveilled by law enforcement. *Cf. Illinois v. Gates*, 462 U.S. 213, 243–44 (1983).

The district court did not err in denying Conard's suppression motion.

**AFFIRMED.**